IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ARNULFO MORENO GASCA | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-437 |
| | § | |
| DR. BEN RAIMER, ET AL. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Arnulfo Moreno Gasca proceeding *pro se,* brings this complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs with respect to treatment of his Hepatitis C (HCV), and, in establishing an unconstitutional treatment protocol for inmates with HCV. Currently before the Court is Defendants' Motion for Summary Judgment, Plaintiff's Response, and Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment. Having considered all relevant pleadings and summary judgment evidence, the Court now submits this Report and Recommendation to the District Court.

In his complaint and accompanying grievances, Plaintiff alleges that since his diagnosis with HCV in 1999, he has never received the free-world drug combination of choice for the treatment of HCV, interferon and ribavirin. As a result of Defendants' alleged deliberate indifference to his serious medical needs, Plaintiff asserts that he has suffered liver deterioration and is now faced with terminal, end-stage liver disease. He seeks injunctive relief in the form of proper medical treatment and placement on a liver transplant list.

In their Motion for Summary Judgment, Defendants provide a detailed account of Plaintiff's medical history. In 1996, when Plaintiff was treated for a hernia repair, abnormalities in his blood clotting tests were noted. His laboratory work also revealed a low platelet count and elevated ALT

1

and AST liver enzyme levels; and, Plaintiff had a twenty year history of significant alcohol intake. All of these parameters are indicators of liver disease[1]; therefore, Plaintiff was tested for HCV. In February, 1996, Plaintiff not only tested positive for HCV (contrary to Plaintiff's assertion that he first tested positive in 1999), but also showed clear signs of advanced liver disease, which effectively precludes treatment with interferon.[2] In 1999, Plaintiff was diagnosed with an esophageal bleed, which is caused by hardening of the liver as a result of cirrhosis and indicates irreversible, end-stage liver disease.[3]

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain ... proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety, *Farmer v. Brennan,* 511 U.S. 825 (1994), and encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind. *Estelle,* 429 U.S. at 105-06. Hence, not every claim of inadequate or improper medical treatment is a violation of the Constitution; *see id.*; nor does a disagreement with a physician over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Merely alleging that prison doctors should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). Where there is undisputed evidence of sick calls, examinations, diagnoses and treatment, a

---

[1] Defendants' Motion for Summary Judgment, pages 11-12; Exhibit A; and Exhibit B.

[2] Defendants' Motion for Summary Judgment, page 12; Exhibit A; Exhibit B.

[3] Defendants' Motion for Summary Judgment, page 12; Exhibit B.

claim of deliberate indifference can be negated, even if the treatment proves ultimately to be unsuccessful.  *Bass v. Sullivan*, 550 F.2d 229 (5th Cir. 1989).

In Plaintiff's case, it clearly appears that his lifestyle prior to 1996 (when he was first diagnosed with HCV) is the only known contributing factor to the liver disease from which he suffers. Plaintiff complains that he was not treated with interferon in 1999 when he believed (erroneously) he was first diagnosed with HCV; however, even in 1996 when interferon was only being used in clinical trials and in a few clinics, Plaintiff's advanced cirrhosis at that time precluded treatment with interferon. As Defendants note, Plaintiff's advanced cirrhosis in 1996 rendered moot the significance of his ALT or AST enzymes.  In 1999, his treatment with interferon/ribavirin was further and absolutely contraindicated by his esophageal bleeding.  Beyond monitoring his condition, there was little that could be done for Plaintiff.[4]  Plaintiff was simply never a candidate for interferon therapy; his claim that the denial of interferon therapy constitutes deliberate indifference to his serious medical needs is without merit.

Plaintiff's claim that Defendants were deliberately indifferent to his serious medical needs in refusing to place him on a liver transplant list is also without merit.  Defendants note that the waiting list for liver transplants is maintained by the United Network for Organ Sharing (UNOS).  In an attempt to standardize the measure for determining need, the UNOS adopted the Model for End-stage Liver Disease (MELD) score, which is based on specific laboratory parameters.[5]  The MELD score runs from a low of 6 to a high of 40, which reflects the most seriously ill patient.  UNOS requires a MELD score of 20 for referral to a transplant center and evaluation for liver transplant.[6]  In

---

[4] Defendants' Motion for Summary Judgment, page 13.

[5] Defendants' Motion for Summary Judgment, page 20; Exhibit C.

[6] *Id*.

November, 2004, Plaintiff had a MELD score of 18.[7] On April 1, 2005, Plaintiff's MELD score was 14.[8] Therefore, at the time Defendants filed their summary judgment motion, on April 22, 2005, Plaintiff's MELD score was too low for referral to a liver transplant center.

Subsequent to filing their Motion for Summary Judgment, Defendants asserted in their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment that Plaintiff's MELD score had risen to 24, and Dr. Raimer had expedited Plaintiff's return to the gastroenterology department at UTMB, where HCV patients are monitored and treated. Pursuant to the Extraordinary Care Policy, Dr. Raimer would convene an *ad hoc* committee at UTMB to issue a recommendation to the Correctional Managed Health Care Committee regarding Plaintiff's referral to a liver transplant program. On November 9, 2005, Defendants filed an Advisory to the Court, declaring that upon the recommendation of the *ad hoc* committee, Plaintiff's referral to the University of Texas at Houston Transplant Service had been approved and would be expedited. It therefore appears that Defendants have provided Plaintiff all the relief that is possible.

Plaintiff also claims that the policy in effect for the screening and treatment of TDCJ inmates with HCV is inadequate because it "sets unsupportably high threshold for eligibility for screening and treatment for HCV infections"; "arbitrarily sets intervals between monitoring ALT level at Twelve months; and, does not provide for liver biopsy." Other than to blame the inadequate policy for his own medical condition, which is wholly unsupported by his medical records and summary judgment evidence, Plaintiff offers no facts in support of this claim. His claim that the policy is in violation of the American with Disabilities Act is unsupported as he has pleaded no facts to suggest that he was

---

[7] *Id*.

[8] *Id*.

denied access to any service, program or activity.  Similarly, Plaintiff has offered no facts to support a claim under the Rehabilitation Act as he has failed to specify any program or activity from which he was excluded.  Plaintiff's claim related to an unconstitutional policy for the treatment and management of inmates with HCV is frivolous.

For the aforementioned reasons, this Court **RECOMMENDS** that Defendants' Motion for Summary Judgment (Instrument no. 37) be **GRANTED**, and that:

a.  **all claims of deliberate indifference to serious medical needs be DISMISSED, with prejudice, for failure to state a claim for which relief can be granted**; and,

b.  **all claims related to an unconstitutional HCV policy under the Americans with Disabilities Act and Rehabilitation Act be DISMISSED, with prejudice, as frivolous**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **December 6, 2005** in which to have written objections physically on file in the Office of the Clerk.  The objections shall be mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this the   22nd   day of November, 2005.

John R. Froeschner
United States Magistrate Judge